**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KARL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV168MLM |
| ) | |
| APEX SYSTEMS, INC., and ) | |
| AETNA LIFE INSURANCE COMPANY,) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Dismiss First Amended Complaint filed by Defendant Aetna Life Insurance Company ("Aetna") and the Partial Motion to Dismiss Counts I through V of Plaintiff's First Amended Petition for Damages filed by Defendant Apex Systems, Inc. ("Apex"). Doc. 31, Doc. 34. Plaintiff has not filed Responses. Also pending are the Motions to Dismiss previously filed by Aetna and Apex. Doc. 10, Doc. 13. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 25.

## BACKGROUND

In his original Complaint[1] Plaintiff alleged as follows: that on April 27, 2007, Plaintiff, through his employer, Apex, enrolled in a group health insurance plan (the "Plan") which was to provide coverage for Plaintiff, his wife, and two children, Kristin Harris-Smith and Kaida Smith; that the Plan was AETNA group number 500066; that on May 25, 2007, an Order/Notice to Withhold Income for

---

[1] Plaintiff filed his cause of action in State court. Apex removed this matter to federal court and Aetna consented to removal.

Child Support Amendment was sent by the State to Apex alerting Apex that Plaintiff was no longer required to carry health insurance for Plaintiff's children, Keyshawn G. Smith and Kadeem J. Smith, who were not participating in the Plan; that commencing June 16, 2007, Apex stopped deducting money from Plaintiff's paychecks for health insurance premiums; that on June 16, 2007, Plaintiff's family's insurance coverage was terminated by Aetna due to Apex's failure to continue payments; that Plaintiff never asked Apex to discontinue deducting health insurance premiums from his paychecks; and that between the dates of June 24, 2007, and June 31, 2007, Plaintiff's daughter, Kristin Harris-Smith, incurred approximately $4,500 in medical bills and expenses which would have been covered under the Aetna Plan.

In his original Complaint Plaintiff further alleged against both Aetna and Apex (jointly, "Defendants") as follows: Count I, Breach of Contract; Count II, Tortious Interference with a Contract Expectancy; Count III, Fraudulent Misrepresentation; Count IV, Breach of Fiduciary Duty; Count V, Negligent Misrepresentation; and Count VI, Failure to Offer Continuing Health Coverage as required by 29 U.S.C. § 1161.

Defendants each filed a Motion to Dismiss Counts I through V of Plaintiff's Complaint based on federal preemption pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(1). Aetna also alleged in its Motion to Dismiss that Plaintiff failed to state a claim against it in Count VI and that, therefore, Count VI should be dismissed as to Aetna. The court conducted a hearing on May 8, 2008, at which representatives of the parties appeared and at which Plaintiff's attorney acknowledged that ERISA preempts Plaintiff's State law claims. As such, the court ruled on May 8, 2008, that all pending motions would be held in abeyance pending Plaintiff's filing an Amended Complaint. Plaintiff filed an Amended Complaint on May 19, 2008. In the

Amended Complaint Plaintiff alleges, *pursuant to State law*, the following against **both Defendants**: Count I, Breach of Contract; Count II, Tortious Interference with a Contract; Count III, Fraudulent Misrepresentation; Count IV, Breach of Fiduciary duty; and Count V, Negligent Misrepresentation. In the alternative and pursuant to ERISA, in the Amended Complaint Plaintiff alleges as follows against **both Defendants**: Count VI, Breach of Plan Obligation and Count VII, Breach of Statutory Fiduciary Duty.

In response to Plaintiff's filing the Amended Complaint Aetna and Apex each filed a Motion to Dismiss Counts I through V of Plaintiff's Amended Complaint based on ERISA preemption. Aetna also seeks dismissal of Counts VI and VII based on Plaintiff's failure to state a claim against Aetna.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Upon considering a motion to dismiss a federal court must "tak[e] all facts alleged in the complaint to be true and constru[e] the pleadings in the light most favorable to the plaintiffs." Gregory v. Dillard's, 494 F.3d 694, 709(8th Cir. 2007).

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Schaaf v. Residential Funding Corp., 2008 WL 465481 at *2 (8th Cir. Feb. 22, 2008) (citing Erickson, 127 S.Ct. at 2200 ("The plaintiffs need not provide specific facts in support of their allegations.").

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twonbly, 127 S.Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## LEGAL FRAMEWORK and DISCUSSION

### A. ERISA Preemption of Counts I through V:

Defendants' Motions to Dismiss Plaintiff's State law claims in Counts I through V of the Amended Complaint are premised on the contention that the Plan is an employee welfare benefit plan under ERISA. Such a determination is an appropriate consideration pursuant to a motion to dismiss. Antolik v. Saks, Inc., 463 F.3d 796, 802-03 (8th Cir. 2006); Johnson v. U.S. Bancorp, 387 F.3d 929, 942 (8th Cir. 2004). Whether ERISA applies to a particular plan requires consideration of the facts

4

of a particular case as well as the applicable law. Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994).

ERISA, 29 U.S.C. § 1002(1) defines an "employee welfare benefit plan" as "any plan, fund, or program which ... is [] established or maintained *by an employer* ... to the extent that such plan ... was established or is maintained for the purpose of *providing for its participants or their beneficiaries*, through the purchase of insurance" certain benefits including those for *medical, surgical, or hospital care* in the event of sickness. (emphasis added). "To qualify as a 'plan, fund, or program' under ERISA, a reasonable person must be able to 'ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits.'" Northwest Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994) (quoting Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir.1982); Harris v. Arkansas Book Co., 794 F.2d 358, 360 (8th Cir.1986)). Additionally, an employee welfare plan must be established or maintained by an employer. 29 U.S.C. § 1002(3).

In regard to whether ERISA applies to a plan the Eighth Circuit holds:

> The pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits. Simple or mechanical determinations do not necessarily require the establishment of such an administrative scheme; rather, an employer's need to create an administrative system may arise where the employer, to determine the employees' eligibility for and level of benefits, must analyze each employee's particular circumstances in light of the appropriate criteria.

Kulkinski, 21 F.3d at 257.

Apex has attached to its pending Motion to Dismiss a description of the Plan which is the subject of the matter under consideration. Apex Ex. A. The Plan description sets forth the benefits provided under the Plan, the class of beneficiaries, the source of financing, and the procedures for

5

receiving benefits. The Plan description also states that Apex is responsible for establishing and maintaining the Plan pursuant to an ongoing administrative scheme. Plaintiff has not suggested any reason why the Plan should not be considered an ERISA plan. As such, the court finds that the Plan is an ERISA plan as defined by 29 U.S.C. § 1002(1). See Kulkinski, 21 F.3d at 257; Northwest Airlines, 32 F.3d at 354.

ERISA, 29 U.S.C. § 1144, provides:

(a) *Supersedure*; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall *supersede any and all State laws* insofar as they may now or hereafter *relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

(emphasis added).

Thus, a plaintiff's state law claims are preempted by ERISA, as provided in § 1144, if the claims "relate to" an employee benefit plan; they must have a connection with or reference such a plan. Estes v. Fed. Express Corp., 417 F.3d 870, 871 (8th Cir. 2005). See also Johnson v. U.S. Bancorp, 387 F.3d 939, 942 (8th Cir. 2004). The court finds that the claims made in Counts I through V of Plaintiff's Amended Complaint relate to an ERISA employee benefit plan and that, therefore, ERISA preempts these claims. See 29 U.S.C. § 1144; Estes, 417 F.3d at 871; Johnson, 387 F.3d at 942. As such, the court finds that Counts I through V of Plaintiff's Amended Complaint, which allege State law claims, should be dismissed.

**B.     Counts VI, Breach of Fiduciary Duty, and Count VII, Negligent Misrepresentation Against Aetna:**

In Counts VI and VII Plaintiff contends that Defendants[2] violated their duties under ERISA, 29 U.S.C. § 1161, by breaching their fiduciary duty and engaging in negligent misrepresentation, respectively. In support of Counts VI and VII Plaintiff contends that Defendants failed to provide Plaintiff the opportunity to enroll and remain enrolled in the Plan, failed to inform Plaintiff of continuing health coverage, and failed to allow Plaintiff to process claims for benefits. Plaintiff also alleges in Counts VI and VII that Defendants breached their obligations under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §1166, by engaging in this conduct.

ERISA, 29 U.S.C. §1002(16)(B)(i), states, in relevant part, that under ERISA a plan sponsor is "the *employer* in the case of an employee benefit plan established or maintained by a single employer." (emphasis added). ERISA, 29 U.S.C. § 1161(a), imposes on a "plan sponsor" the following duty: "The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan."

COBRA, 29 U.S.C. § 1166(a), imposes certain obligations *upon an employer* of an employee at the time an employee's coverage under a group health plan commences and upon the occurrence of qualifying events which would result in the loss of coverage of a qualified beneficiary.[3]

---

[2]     The introductory paragraph to Counts VI and VII each state that these Counts are brought against both Defendants. In Count VI, ¶ 60, and Count VII, ¶ 65, however, Plaintiff references only Apex. Because the introductory paragraphs to Counts VI and VII specifically reference both Defendants, the court assumes that these Counts are brought against both Defendants.

[3]     29 U.S.C. § 1163 defines a "qualifying event."

Plaintiff alleges in Counts VI and VII that Aetna was the insurer of benefits under the Plan; he does not allege that Aetna was his employer and/or an ERISA plan sponsor. Nonetheless, Plaintiff alleges in Counts VI and VII that Aetna breached its duty under ERISA and COBRA. Because Aetna was not Plaintiff's employer and because Aetna was not a plan sponsor, the court finds that Plaintiff has failed to state a cause of action against Aetna in Counts VI and VII of the Amended Complaint. See 29 U.S.C. § § 1002(16)(B)(i), 1161(a), and 1166(a); Twombly, 127 S. Ct. at 1964-65. As such, the court finds that Counts VI and VII should be dismissed in regard to Aetna.[4]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss First Amended Complaint filed by Aetna is **GRANTED**; Doc. 31.

**IT IS FURTHER ORDERED** that the Partial Motion to Dismiss Counts I through V of Plaintiff's First Amended Petition for Damages filed by Apex is **GRANTED**; Doc. 34.

**IT IS FURTHER ORDERED** that Counts I thought V of the Amended Complaint are **DISMISSED** in their entirety in regard to both Aetna and Apex;

**IT IS FURTHER ORDERED** that Counts VI and VII of the Amended Complaint are **DISMISSED** in regard to Aetna;

**IT IS FURTHER ORDERED** that the other pending Motions to Dismiss filed by Apex and Aetna are **DENIED,** as moot. Doc. 10, Doc. 13.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
Dated this 26th day of June, 2008.   UNITED STATES MAGISTRATE JUDGE

---

[4]   Plaintiff is advised that under ERISA he is not entitled to a jury trial. See Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999).